## FORD v. SMITH et al.

The motion for a new trial does not complain that the court committed any error of law. The evidence, taken all together, warranted a finding that the plaintiff had not carried the burden imposed upon him by law, and it was not error to refuse to grant a new trial.

Submitted October 26, — Decided November 12, 1904.

Equitable petition.   Before Judge Holden.   Hancock superior court.   February 25, 1904.

*W. H. Burwell* and *R. H. Lewis,* for plaintiff.

*T. M. Hunt, R. L. Merritt,* and *L. C. Culver,* for defendants.

CANDLER, J.　Willie Taylor and Wyatt Harper each bought land from a common grantor. Willie Taylor's lot lay between two lots purchased by Wyatt Harper. Whether or not an agreement was entered into between the respective owners to exchange Willie Taylor's lot for one of Wyatt Harper's lots — an agreement so far executed by Willie Taylor as to enable a purchaser from her heir to go into a court of equity and obtain a decree compelling specific performance of the contract by the heirs of Wyatt Harper — is the sole question presented for review by this court. That question comes up on exception to the overruling of a motion for a new trial, the only grounds of which were that a verdict finding, in effect, that no such agreement was made, is contrary to law and the evidence. The evidence is very confused, and presents many difficulties to a satisfactory solution of the question at issue. Apparently the agreement between Willie Taylor and Wyatt Harper, if one was made, was not reduced to writing. The deed to the lot originally purchased by Willie Taylor was never recorded, and was lost. Subsequently, Lewis, the grantor of all the three lots in question, made to Willie Taylor a quitclaim deed, in which the description of the property conveyed was the same as that of the lot of Wyatt Harper, for which it is claimed the exchange was made. The attorney who drew the deed testified that in doing so he "evidently described the wrong lot." He also testified as to the intention of Willie Taylor and Wyatt Harper to exchange lots. As will have been observed, the plaintiff in the present suit claims to have purchased from an heir of Willie Taylor the lot originally sold by Lewis to Wyatt Harper, and which it is claimed he agreed to convey to Willie Taylor in exchange for her lot. His petition does not allege that title is in him, but prays "that the exchange of said lots as originally entered into between said Taylor and Harper be set up and established by decree of this court, and that title to said first described lot . . be decreed to be in petitioner." It is a suit for specific performance. The lot in controversy is improved, and there was evidence that the house located on it was built by Wyatt Harper, and that the present tenant, who was made a

party to the suit, held as tenant at will under Wyatt Harper, and never recognized Willie Taylor's ownership of the property. As before stated, and as will have been seen from the foregoing statement, the question at issue is involved in much confusion; but after a careful review of the evidence we conclude that the jury were authorized to find that the plaintiff had not carried the burden of showing that an exchange of lands was actually made; and the judgment is therefore

*Affirmed. All the Justices concur.*